In an action to recover damages for personal injuries, the third-party defendant John Lewis appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), entered November 22, 2011, as denied his cross motion for summary judgment dismissing the third-party *950 complaint and all cross claims insofar as asserted against him, and the third-party defendant Defamien A. Boko cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against him.
Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable by the defendants/third-party plaintiffs, the cross motion of the third-party defendant John Lewis for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against him is granted, and the motion of the third-party defendant Defamien A. Boko for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against him is granted.
This case stems from an accident involving four motor vehicles. According to the deposition testimony of the third-party defendant Defamien A. Boko, his vehicle experienced mechanical failure and came to a stop in the roadway. About five minutes later, Boko’s vehicle allegedly was hit in the rear by a vehicle operated by the third-party defendant John Lewis. According to Lewis’s deposition testimony, he saw the stopped Boko vehicle for the first time when the vehicle traveling in front of him made a sudden lane change. About three minutes after Lewis’s vehicle hit the rear of Boko’s vehicle, Lewis felt two impacts to the rear of his vehicle, and Boko felt two additional impacts to the rear of his vehicle. Each impact caused Lewis’s vehicle to move forward and strike the rear of Boko’s vehicle. According to the plaintiff’s deposition testimony, she saw the stopped Lewis vehicle behind the stopped Boko vehicle and brought her vehicle to a stop behind the Lewis vehicle without striking it. A few seconds later, a vehicle owned by the defendant/third-party plaintiff Michelle D. Pelzer and operated by the defendant/third-party plaintiff Earnest H. Pelzer hit the plaintiff’s vehicle, causing it to strike Lewis’s vehicle in the rear. Earnest H. Pelzer testified at his deposition that he was driving his vehicle directly behind the plaintiffs vehicle when the plaintiffs vehicle switched lanes, inexplicably returned to his lane of travel, and then slammed on the brakes. He provided equivocal testimony as to whether the plaintiffs vehicle was stopped when he hit it.
The Supreme Court should have granted the separate motions of Boko and Lewis for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against them. They each established their entitlement to judgment as a matter of law by demonstrating that any negligence *951 on their part in causing their vehicles to be stopped in the roadway was not a proximate cause of the subsequent collision involving the plaintiffs vehicle and the defendants/third-party plaintiffs’ vehicle (see Sheehan v City of New York, 40 NY2d 496 [1976]; Cuccio v Ciotkosz, 43 AD3d 850 [2007]; Haylett v New York City Tr. Auth., 251 AD2d 373 [1998]; Dunlap v City of New York, 186 AD2d 782 [1992]). In opposition, the defendants/third-party plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
The defendants/third-party plaintiffs’ contention that Boko violated Vehicle and Traffic Law § 1202 (a) (1) (j) is not properly before this Court, as it was raised for the first time on appeal (see Kennedy v Arif, 82 AD3d 1050 [2011]). Florio, J.P., Leventhal, Austin and Cohen, JJ., concur.