■ ROSA FLORES et al., Appellants, v METROPOLITAN TRANSPORTATION AUTHORITY, LONG ISLAND BUS, et al., Respondents. [996 NYS2d 184]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Agate, J.), entered February 14, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Rosa Flores (hereinafter the injured plaintiff) allegedly sustained personal injuries shortly after she boarded a bus operated by the defendant Joel Monuma and owned by the defendant Metropolitan Transportation Authority, Long Island Bus. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint. In support of the motion, the defendants submitted a transcript of the deposition testimony of the defendant bus driver, wherein he stated that he applied the brakes to avoid colliding with an automobile that cut in front of the bus. The Supreme Court granted the motion.

Pursuant to the emergency doctrine, "those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]; *see Caristo v Sanzone*, 96 NY2d 172 [2001]; *Marri v New York City Tr. Auth.*, 106 AD3d 699, 700 [2013]). "Although the existence of an emergency and the reasonableness of a party's response to it will ordinarily present questions of fact, they may in appropriate circumstances be determined as a matter of law" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d at 60 [citations omitted]; *see Davis v Metropolitan Tr. Auth.*, 92 AD3d 825, 826 [2012]; *Miloscia v New York City Bd. of Educ.*, 70 AD3d 904, 905 [2010]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the actions of the defendant bus driver in braking abruptly to avoid a collision with another vehicle which suddenly cut in front of the bus were reasonably prudent in an emergency situation not of his own making (*see Marri v New York City Tr. Auth.*, 106 AD3d at 700; *Villar v MTA Bus Co.*, 80 AD3d 602 [2011]; *Gonzalez v New York City Tr. Auth.*, 78 AD3d 1120 [2010]; *Miloscia v New York City Bd. of Educ.*, 70 AD3d at 905). In opposition, the plaintiffs' speculative and conclusory assertions failed to raise a triable issue of fact (*see Fawcett v Suffolk Transp. Serv., Inc.*, 55 AD3d 535 [2008]; *Koenig v Lee*, 53 AD3d 567 [2008]).

The plaintiffs' remaining contention regarding the defendant bus driver's alleged negligent conduct after the bus came to a stop is raised for the first time on appeal and, therefore, is not properly before this Court (*see Daley v Pelzer*, 100 AD3d 949 [2012]; *Panteleon v Amaya*, 85 AD3d 993 [2011]; *Terranova v Waheed Brokerage, Inc.*, 78 AD3d 1040 [2010]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.