■ MUHAMMAD A. MAJID, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendants. (And a Third-Party Action.) [8 NYS3d 432]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority, Empire Paratransit Corp., and Kevens Allard appeal from an order of the Supreme Court, Queens County (Gavrin, J.), entered October 9, 2014, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants New York City Transit Authority, Empire Paratransit Corp., and Kevens Allard for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff was being transported in a motor vehicle owned by the defendant New York City Transit Authority, registered to the defendant Empire Paratransit Corp., and operated by the defendant Kevens Allard (hereinafter collectively the appellants), when a vehicle operated by the defendant Joshua Lorenzo and owned by the defendant Kevin Franco allegedly backed out of a driveway, over a snow bank, at a high rate of speed, and into the path of the appellants' vehicle. Following discovery, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them on the basis that the emergency doctrine exculpated them from liability, and the motion was denied.

The common-law emergency doctrine " 'recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context, provided the actor has not created the emergency' " (*Lifson v City of Syracuse*, 17 NY3d 492, 497 [2011], quoting *Caristo v Sanzone*, 96 NY2d 172, 174 [2001]; *see Alvarado v New York City Tr. Auth.*, 106 AD3d 845 [2013]; *Marri v New York City Tr. Auth.*, 106 AD3d 699, 700 [2013]). "Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact, those issues 'may in appropriate circumstances be determined as a matter of law' " (*Brannan v Korn*, 84 AD3d 1140, 1140 [2011], quoting *Vitale v Levine*, 44 AD3d 935, 936 [2007]).

Here, the appellants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that Allard was confronted with a sudden and unexpected circumstance not of his own making and that, under the circumstances, his conduct in response to the emer-

gency was reasonable and prudent (*see Kong v MTA Bus Co.*, 112 AD3d 581, 582 [2013]; *Alvarado v New York City Tr. Auth.*, 106 AD3d 845, 845 [2013]; *Kenney v County of Nassau*, 93 AD3d 694, 696 [2012]; *Ardila v Cox*, 88 AD3d 829, 830 [2011]; *Miloscia v New York City Bd. of Educ.*, 70 AD3d 904 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court erred in denying the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Hall, Roman and Cohen, JJ., concur.