■ Wu Kai Ming, Appellant, v Dennis L. Grossman, Respondent. [19 NYS3d 334]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated December 3, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This action arises from a motor vehicle collision which occurred when the defendant, who was operating his vehicle on an exit ramp off the Grand Central Parkway, was allegedly suddenly and without warning cut off by a sedan which veered in front of him, blocking both lanes of travel on the ramp. The defendant applied his brakes hard and swerved to the right, thereby avoiding a collision with the sedan, but the defendant's vehicle was then struck in the rear by the plaintiff's minivan, which had been traveling in the right lane of the ramp and was unable to stop in time. The Supreme Court subsequently granted the defendant's motion for summary judgment dismissing the complaint on the basis of the emergency doctrine. We affirm.

The emergency doctrine acknowledges that when an actor is confronted with a sudden and unanticipated situation which leaves little or no time for deliberation and requires him to make a speedy decision without weighing alternative courses of conduct, the actor may not be liable for negligence if the actions taken are reasonable and prudent when evaluated in the context of the emergency conditions (*see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *Amaro v City of New York*, 40 NY2d 30, 36 [1976]; *Marri v New York City Tr. Auth.*, 106 AD3d 699, 700 [2013]). Under appropriate circumstances, the existence of an emergency, as well as the reasonableness of the actor's response to it, may be determined as a matter of law (*see Majid v New York City Tr. Auth.*, 128 AD3d 648, 649 [2015]; *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]).

Here, the defendant established his prima facie entitlement to judgment as a matter of law by submitting the parties' deposition testimony and other evidence demonstrating that he was confronted with an emergency when the sedan cut in front of him and blocked both lanes of travel, and that his response of applying his brakes and swerving to the right was reasonable in the context of the emergency (*see e.g. Majid v New York City Tr. Auth.*, 128 AD3d 648 [2015]; *Eng v MTA Bus Co.*, 124 AD3d 833 [2015]; *Flores v Metropolitan Transp. Auth., Long Is. Bus*, 122 AD3d 672 [2014]; *Kong v MTA Bus Co.*, 112 AD3d 581 [2013]; *Marri v New York City Tr. Auth.*, 106 AD3d 699 [2013]; *Kenney v County of Nassau*, 93 AD3d 694 [2012]; *Ardila v Cox*, 88 AD3d 829 [2011]; *Evans v Bosl*, 75 AD3d 491 [2010]; *Miloscia v New York City Bd. of Educ.*, 70 AD3d 904 [2010]; *Roviello v Schoolman Transp. Sys., Inc.*, 10 AD3d 356 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact, and his speculative assertions that the defendant may have contributed to the accident or may have been able to avoid it were insufficient to defeat the motion for summary judgment (*see generally Kenney v County of Nassau*, 93 AD3d at 696; *Ferebee v Amaya*, 83 AD3d 997, 997-998 [2011]; *Tsai v Zong-Ling Duh*, 79 AD3d 1020, 1022 [2010]; *Williams v Econ*, 221 AD2d 429 [1995]). Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.