■ NADIRAH WADE, an Infant, by Her Parents and Natural Guardians, RODNEY WADE and Another, Appellant, et al., Plaintiffs, v KNIGHT TRANSPORTATION, INC., et al., Respondents,

et al., Defendants. (Action No. 1.) ANNIE L. WADE, Appellant, v KNIGHT TRANSPORTATION, INC., et al., Respondents, et al., Defendants. (Action No. 2.) [58 NYS3d 458]—

In two related actions to recover damages for personal injuries, etc., Nadirah Wade, an infant by her parents and natural guardians, Rodney Wade and Yvette Colon Wade, appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated April 24, 2015, as granted the motion of the defendants Knight Transportation, Inc., and Michael Severon for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against them, and Annie L. Wade separately appeals from so much of the same order as granted the motion of the defendants Knight Transportation, Inc., and Michael Severon for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

These two actions arise from a motor vehicle collision between a tractor trailer operated by the defendant Michael Severon and owned by the defendant Knight Transportation, Inc. (hereinafter Knight; hereinafter together the Knight defendants) and a vehicle owned and operated by Annie L. Wade (hereinafter Wade), the plaintiff in Action No. 2, in which Nadirah Wade, an infant by her parents and natural guardians, Rodney Wade and Yvette Colon Wade (hereinafter the infant plaintiff), a plaintiff in Action No. 1, was a passenger. Severon allegedly was driving in the westbound lane of Suffolk Avenue in Central Islip when Wade's vehicle exited from a parking lot into the eastbound lane and then suddenly and without warning crossed into the westbound lane and struck the front driver's side of the tractor trailer's cab. Severon allegedly applied his brakes, honked his horn, and turned to the right, but he was unable to avoid colliding with Wade's vehicle. After the accident, the infant plaintiff, among others, commenced Action No. 1, and Wade commenced Action No. 2, to recover damages for personal injuries. The Supreme Court subsequently granted the Knight defendants' separate motions for summary judgment dismissing the complaints in both actions insofar as asserted against them on the basis of the emergency doctrine. Wade and the infant plaintiff appeal.

Contrary to the contention of the infant plaintiff, the Knight defendants' motion in Action No. 1 did not violate the general rule against successive summary judgment motions (*see Van*

*Nostrand v Froehlich*, 44 AD3d 54, 62 [2007]; *Zecca v Riccardelli*, 293 AD2d 31, 35 [2002]). In addition, under the circumstances, the Supreme Court was not required to deny the motion pursuant to the doctrine of the law of the case (*see Mamani v Kiesling*, 117 AD3d 804, 805 [2014]; *Ramanathan v Aharon*, 109 AD3d 529, 530 [2013]; *Hampton Val. Farms, Inc. v Flower & Medalie*, 40 AD3d 699, 701 [2007]).

We also disagree with the contention of Wade and the infant plaintiff that the Supreme Court should have denied the Knight defendants' motions for summary judgment on the ground that they failed to submit copies of certain pleadings concerning the defendant Daniel Freudenberg with their motion papers. Freudenberg was a witness to the accident and was made a defendant in these actions after giving deposition testimony that revealed that his actions may have contributed to the accident. Notwithstanding that CPLR 3212 (b) requires that motions for summary judgment be supported by a copy of the pleadings, CPLR 2001 permits a court, at any stage of an action, to " 'disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced' " (*Long Is. Pine Barrens Socy., Inc. v County of Suffolk*, 122 AD3d 688, 691 [2014], quoting *Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello*, 97 AD3d 611, 612 [2012]; *see* CPLR 2001; *U.S. Bank N.A. v Eaddy*, 109 AD3d 908, 910 [2013]). The record here is sufficiently complete, Freudenberg was not a party to the instant motions, and Wade and the infant plaintiff do not argue that they were prejudiced in any way by the Knight defendants' failure to include those pleadings (*see Long Is. Pine Barrens Socy., Inc. v County of Suffolk*, 122 AD3d at 691; *U.S. Bank N.A. v Eaddy*, 109 AD3d at 910; *Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello*, 97 AD3d at 612; *Welch v Hauck*, 18 AD3d 1096, 1098 [2005]; *cf. Washington Realty Owners, LLC v 260 Wash. St., LLC*, 105 AD3d 675, 675 [2013]).

"The emergency doctrine acknowledges that when an actor is confronted with a sudden and unanticipated situation which leaves little or no time for deliberation and requires him to make a speedy decision without weighing alternative courses of conduct, the actor may not be liable for negligence if the actions taken are reasonable and prudent when evaluated in the context of the emergency conditions" (*Wu Kai Ming v Grossman*, 133 AD3d 742, 742 [2015]; *see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *Amaro v City of New York*, 40 NY2d 30, 36 [1976]; *Marri v New York City Tr. Auth.*, 106 AD3d 699, 700 [2013]). "Under appropriate circumstances, the exis-

tence of an emergency, as well as the reasonableness of the actor's response to it, may be determined as a matter of law" (*Wu Kai Ming v Grossman*, 133 AD3d at 742, citing *Majid v New York City Tr. Auth.*, 128 AD3d 648, 649 [2015]; *see Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]). "A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic, and such an event constitutes a classic emergency situation, thus implicating the emergency doctrine" (*Vargas v Akbar*, 123 AD3d 1017, 1019 [2014], citing *Ardila v Cox*, 88 AD3d 829, 830 [2011]; *see Gajjar v Shah*, 31 AD3d 377, 377-378 [2006]).

Here, the Knight defendants established their prima facie entitlement to judgment as a matter of law by submitting deposition testimony which demonstrated that Severon was confronted with an emergency not of his own making, leaving him only seconds to react and virtually no opportunity to avoid a collision (*see Ferebee v Amaya*, 83 AD3d 997, 997-998 [2011]; *Huggins v Figueroa*, 305 AD2d 460, 461-462 [2003]; *Pawlukiewicz v Boisson*, 275 AD2d 445, 446 [2000]). In opposition, Wade and the infant plaintiff failed to raise a triable issue of fact, and their speculative assertions that Severon may have contributed to the accident or may have been able to avoid it were insufficient to defeat the motions for summary judgment (*see Wu Kai Ming v Grossman*, 133 AD3d at 742; *Kenney v County of Nassau*, 93 AD3d 694, 696-697 [2012]; *Bentley v Moore*, 251 AD2d 612, 613 [1998]).

Accordingly, the Supreme Court properly granted the Knight defendants' motions for summary judgment dismissing the complaints insofar as asserted against them. Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.