Selig v Diez (2020 NY Slip Op 01104)





Selig v Diez


2020 NY Slip Op 01104


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-03701
2019-03703
 (Index No. 612443/17)

[*1]Stanley Selig, appellant, 
v
Roberto Diez, respondent.


Sullivan Papain Block McGrath & Cannavo, P.C., Garden City, NY (Brian J. Shoot of counsel), for appellant.
Richard T. Lau & Associates, Jericho, NY (Kathleen E. Fioretti of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered February 15, 2019, and (2) a judgment of the same court dated March 5, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On September 4, 2017, the plaintiff was riding his bicycle on Main Road, also known as State Route 25, in the Town of Southhold when he was allegedly struck by a vehicle operated by the defendant. The defendant was traveling westbound in the same direction, but in a lane of travel. The plaintiff turned left out of the shoulder area and into the westbound travel lane for vehicles. The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging, among other things, that the defendant was negligent in the operation of his vehicle. Following discovery, the defendant moved for summary judgment dismissing the complaint on the ground that, under the emergency doctrine, he could not be liable for the plaintiff's alleged injuries. The Supreme Court granted the motion and entered judgment in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals from the order and the judgment.
Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the [*2]actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327). As a general rule, the questions of the existence of an emergency and the reasonableness of the response to it are issues for the trier of fact (see Welch v Suffolk Coach, Inc., 162 AD3d 1097), although they may in appropriate circumstances be determined as a matter of law (see Wade v Knight Transp., Inc., 151 AD3d 1107).
The evidence proffered in support of the defendant's motion demonstrated, prima facie, that he was presented with an emergency situation, to wit, the plaintiff suddenly and without signaling entering the westbound travel lane from the shoulder, and that the defendant acted as a reasonable person would under the circumstances (see Liang-Ying Ren v "John Doe", 175 AD3d 480, 481; Welch v Suffolk Coach, Inc., 162 AD3d at 1098). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court