Weiss v Arunsi (2020 NY Slip Op 03141)





Weiss v Arunsi


2020 NY Slip Op 03141


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-03343
 (Index No. 504014/12)

[*1]Steven M. Weiss, appellant, 
v
Okuji O. Arunsi, defendant, Leo Yanjkilevich, et al., respondents.


Leav & Steinberg, New York, NY (Edward R. Averbuch of counsel), for appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum and Brian J. Daly], of counsel), for respondent Leo Yanjkilevich.
McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Carle Place, NY (Patrick M. Murphy of counsel), for respondents Eric J. Geredien and Daniel S. Paluszek.
James G. Bilello, Hicksville, NY (Patricia McDonagh of counsel), for defendant Okuji O. Arunsi.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated January 10, 2019. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Leo Yanjkilevich and the defendants Eric J. Geredien and Daniel S. Paluszek which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs to the plaintiff payable by the respondents appearing separately and filing separate briefs, and those branches of the separate motions of the defendant Leo Yanjkilevich and the defendants Eric J. Geredien and Daniel S. Paluszek which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The instant action involves a four-vehicle, chain reaction accident. The plaintiff, who was operating the lead vehicle, commenced this action against the defendants Eric J. Geredien and Daniel S. Paluszek, the owner and operator of the second vehicle, respectively, the defendant Leo Yanjkilevich, the operator of the third vehicle, and the defendant Okuji O. Arunsi, the operator of the fourth vehicle. After discovery, Yanjkilevich moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. Thereafter, Geredien and Paluszek moved, among other things, for the same relief as to them. The Supreme Court granted those branches of the motions. The plaintiff appeals, and we reverse.
" A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid [*2]colliding with the other vehicle'" (Jimenez v Ramirez, 171 AD3d 902, 903, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). Hence, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Mihalatos v Barnett, 175 AD3d 492). " Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation'" (Williams v Sala, 152 AD3d 729, 729, quoting Ortiz v Haidar, 68 AD3d 953, 954).
A party moving for summary judgment has the burden of establishing his or her entitlement to judgment as a matter of law by coming forward with evidentiary proof, in admissible form, demonstrating the absence of any triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562). Here, the moving defendants failed to make such a showing. In support of the respective motions for summary judgment, the moving defendants submitted, inter alia, the deposition testimony of the plaintiff, Arunsi, and Paluszek, each of whom provided varying accounts of the accident. This evidence raised triable issues of fact as to how the accident occurred and whether Yanjkilevich and Paluszek were at fault in the happening of the accident (see Delgado v Butt, 48 AD3d 735, 735-736). Accordingly, the Supreme Court should have denied those branches of the motions which were for summary judgment dismissing the complaint insofar as asserted against Yanjkilevich, Geredien, and Paluszek, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court