Weber v Monsey New Sq. Trails Corp. (2021 NY Slip Op 01088)





Weber v Monsey New Sq. Trails Corp.


2021 NY Slip Op 01088


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2020-04883
 (Index No. 32404/18)

[*1]Paul Weber, appellant, 
v
Monsey New Square Trails Corp., etc., et al., respondents.


The Post Law Firm, PLLC, Suffern, NY (Craig A. Post of counsel), for appellant.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Tarrytown, NY (Daniel D. Flynn of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated May 14, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while a passenger in a bus owned by the defendant Monsey New Square Trails Corp., and operated by the defendant Hershy Schwartz. The bus was accelerating at an intersection after a red light had changed to green, when it was cut off by another vehicle and came to a sudden stop to avoid a collision. The plaintiff, who had been standing up near the front of the bus, fell into the dashboard when the bus stopped. The plaintiff subsequently commenced the instant action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion by order dated May 14, 2020. The plaintiff appeals.
When an actor is confronted with a sudden and unanticipated situation which leaves little or no time for deliberation and requires him or her to make a speedy decision without weighing alternative courses of conduct, the actor is not negligent if the actions taken are reasonable and prudent when evaluated in the context of the emergency conditions (see Rivera v New York City Tr. Auth., 77 NY2d 322, 327; Wu Kai Ming v Grossman, 133 AD3d 742).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, transcripts of the deposition testimony of the plaintiff and Schwartz as well as surveillance footage of the accident, which demonstrated that Schwartz's act of braking to avoid a collision with another vehicle that suddenly cut in front of the bus was a reasonably prudent act in light of an emergency situation not of his own making (see Wu Kai Ming v Grossman, 133 AD3d 742; Flores v Metropolitan Transp. Auth., Long Is. Bus, 122 AD3d 672, 673). The plaintiff's speculative assertions, in opposition, that Schwartz may have contributed to the emergency situation or may have been able to avoid it were insufficient to defeat the motion for summary judgment (see Wu Kai Ming v Grossman, 133 AD3d at 743; Flores v Metropolitan Transp. Auth., Long Is. Bus, 122 AD3d at 673).
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court