Anderson v Metropolitan Transp. Auth. (2022 NY Slip Op 05013)

Anderson v Metropolitan Transp. Auth.

2022 NY Slip Op 05013

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-04460
 (Index No. 706374/18)

[*1]Edward S. Anderson, appellant, 
v
Metropolitan Transportation Authority, et al., respondents.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Anna J. Ervolina, New York, NY (Timothy J. O'Shaughnessy of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered May 14, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that he sustained injuries as a result of a collision between a vehicle owned and operated by the plaintiff and a bus owned and operated by the defendants, Metropolitan Transportation Authority, Metro Transit Authority, NYC Transit Authority, and Dhanpaul D. Singh. After joinder of issue, the defendants moved for summary judgment dismissing the complaint. In an order entered May 14, 2020, the Supreme Court granted the motion on the basis of the emergency doctrine. The plaintiff appeals. We affirm.
The emergency doctrine provides that "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327; see Aiken v Liotta, 167 AD3d 826, 827. "Both the existence of an emergency and the reasonableness of a party's response thereto will ordinarily present questions of fact" (Pavane v Marte, 109 AD3d 970, 971 [internal quotation marks omitted]; see Aiken v Liotta, 167 AD3d at 827). Summary judgment may be granted, however, when a party presents sufficient evidence demonstrating "the existence of an emergency, as well as the reasonableness of the actor's response to it" (Wu Kai Ming v Grossman, 133 AD3d 742, 742; see Wade v Knight Transp., Inc., 151 AD3d 1107, 1109-1110).
Although the defendants' submission of the transcripts of the deposition testimony of the plaintiff and of Singh, both of whom offered a different account of the accident, raised a triable issue of fact as to how the accident occurred and which party was at fault (see Weiss v Arunsi, 184 AD3d 606, 607; Delgado v Butt, 48 AD3d 735, 735-736), a bus surveillance video the [*2]defendants also submitted in support of their motion eliminated any triable issues of fact. The video demonstrated that the plaintiff was operating his vehicle in the left turn lane, next to the bus, and then, without warning and despite adequate space in front of the bus, changed lanes directly in front of the bus, in a manner that did not give Singh adequate time to avoid the accident. The video established, prima facie, that Singh was confronted with an emergency not of his own making, leaving him only seconds to react and virtually no opportunity to avoid the collision (see Weber v Monsey New Sq. Trails Corp., 191 AD3d 929, 929; Wu Kai Ming v Grossman, 133 AD3d at 743; Flores v Metropolitan Transp. Auth., Long Is. Bus, 122 AD3d 672, 673). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court