Pappas v New York City Tr. Auth. (2022 NY Slip Op 05093)

Pappas v New York City Tr. Auth.

2022 NY Slip Op 05093

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2021-04933
 (Index No. 708069/17)

[*1]George W. Pappas, et al., appellants, 
v
New York City Transit Authority, et al., respondents.

Mallilo & Grossman, Flushing, NY (Lorenzo Tasso of counsel), for appellants.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Joseph Risi, J.), dated June 29, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Donna Marie Pappas and her husband, the plaintiff George W. Pappas, allege that they sustained personal injuries when a vehicle operated by George, in which Donna was a passenger, was struck from the rear by a bus allegedly owned by the defendants New York City Transit Authority and Metropolitan Transportation Authority and operated by the defendant Wilfred A. Drummond. After joinder of issue, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion on the basis of the emergency doctrine. The plaintiffs appeal.
The emergency doctrine provides that "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327; see Aiken v Liotta, 167 AD3d 826, 827). "Both the existence of an emergency and the reasonableness of a party's response thereto will ordinarily present questions of fact" (Pavane v Marte, 109 AD3d 970, 971 [internal quotation marks omitted]; see Aiken v Liotta, 167 AD3d at 827). Summary judgment is appropriate, however, when a party presents sufficient evidence demonstrating "the existence of an emergency, as well as the reasonableness of the actor's response to it" (Wu Kai Ming v Grossman, 133 AD3d 742, 742; see Wade v Knight Transp., Inc., 151 AD3d 1107, 1109-1110).
In support of their motion, the defendants submitted the General Municipal Law § 50-h hearing testimony of both of the plaintiffs. Both of the plaintiffs separately testified that they had been stopped for 5 to 10 seconds when the defendants' bus struck them from the rear without warning. George further testified that he had stopped the vehicle because the traffic light he was [*2]approaching was red. The defendants also submitted the deposition testimony of Drummond, the operator of the bus, who testified that the accident occurred because the plaintiffs' vehicle moved into the bus's lane in front of the bus and, without warning, stopped abruptly despite having a green light in its favor. This conflicting testimony, without more, would have presented a triable issue of fact as to how the accident occurred and whether George or Drummond was at fault (see Weiss v Arunsi, 184 AD3d 606, 607; Delgado v Butt, 48 AD3d 735, 735-736). However, the bus surveillance video, which the defendants also submitted in support of their motion, and which, contrary to the plaintiffs' contention, was properly authenticated by Drummond (see People v Patterson, 93 NY2d 80, 84; Nesbitt v Gallant, 149 AD3d 763, 764), eliminated any triable issues of fact. The video recording clearly demonstrates that George suddenly and quickly entered the bus's lane directly in front of the bus and, despite having a green light at the next intersection, stopped abruptly in a manner that did not give Drummond adequate time to avoid the accident. The video recording established, prima facie, that Drummond was confronted with an emergency not of his own making, leaving him virtually no opportunity to avoid a collision (see Weber v Monsey New Sq. Trails Corp., 191 AD3d 929, 929; Flores v Metropolitan Transp. Auth., Long Is. Bus, 122 AD3d 672, 673; Miloscia v New York City Bd. of Educ., 70 AD3d 904, 905). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; DiMarco v Coscia, 192 AD3d 867, 868).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court