Rasweiler v Town of Huntington (2023 NY Slip Op 04979)

Rasweiler v Town of Huntington

2023 NY Slip Op 04979

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-08970
 (Index No. 603665/22)

[*1]David Rasweiler, appellant, 
v
Town of Huntington, et al., respondents.

Cellino Law, LLP, Melville, NY (Joshua B. Sandberg of counsel), for appellant.
Gerber Ciano Kelly Brady, LLP, Garden City, NY (Brendan T. Fitzpatrick, Paul S. Devine, and Erin N. Mackin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated September 7, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In August 2021, the plaintiff allegedly sustained personal injuries while he was a passenger on a bus owned and operated by the defendants Town of Huntington and Huntington Area Rapid Transit. The accident occurred when the bus allegedly made an abrupt stop to avoid colliding with another vehicle that pulled out of a parking lot and entered into the bus's lane of travel, causing the plaintiff to be launched from his seat into the door of the bus.
The defendants moved for summary judgment dismissing the complaint, contending that the emergency doctrine relieved them of any liability for the accident. The plaintiff opposed the motion. In an order dated September 7, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals.
Here, in support of their motion, the defendants submitted, inter alia, a transcript of the plaintiff's testimony given at a hearing pursuant to General Municipal Law § 50-h, a sworn statement by the defendants' bus driver, and authenticated dash camera surveillance footage of the accident. This evidence established, prima facie, that "the actions of the bus driver in braking abruptly to avoid a collision with a car that had suddenly pulled out in front of him were reasonably prudent in an emergency situation not of his own making" (Marri v New York City Tr. Auth., 106 AD3d 699, 700; see Anderson v Metropolitan Transp. Auth., 208 AD3d 742, 743). In opposition, the plaintiff failed to raise a triable issue of fact (see Weber v Monsey New Sq. Trails Corp., 191 AD3d 929, 930; Wade v Knight Transp., Inc., 151 AD3d 1107, 1110).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court