Kinard v New York City Tr. Auth. (2024 NY Slip Op 06033)

Kinard v New York City Tr. Auth.

2024 NY Slip Op 06033

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-00370
 (Index No. 500030/20)

[*1]Wanda Kinard, appellant, 
v
New York City Transit Authority, respondent.

Greenberg Law, P.C., New York, NY (Joseph P. DePaola of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated December 5, 2022. The order granted that branch of the defendant's motion which was for leave to reargue its prior motion for summary judgment dismissing the complaint, which had been denied in an order of the same court dated June 29, 2022, and, upon reargument, in effect, vacated the order dated June 29, 2022, and thereupon, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order dated December 5, 2022, is affirmed, with costs.
On September 1, 2019, the plaintiff allegedly was injured while she was a passenger on a bus owned and operated by the defendant, New York City Transit Authority, when the bus allegedly stopped short. In January 2020, the plaintiff commenced this action against the defendant to recover damages for personal injuries.
Thereafter, the defendant moved for summary judgment dismissing the complaint, arguing, among other things, that it was entitled to summary judgment based on the emergency doctrine. In support of its motion, the defendant submitted, inter alia, a transcript of the deposition testimony of the bus driver, Shubert Stanley. Stanley testified that the accident occurred while he was driving northbound on Utica Avenue in a bus-only lane. He indicated that after entering the intersection of Utica Avenue and Snyder Avenue, a sedan driving in the lane to the left of the bus unexpectedly moved in front of the bus to turn right onto Snyder Avenue, forcing Stanley to apply the bus's brakes to avoid hitting the sedan.
In an order dated June 29, 2022, the Supreme Court denied the motion. The defendant then moved, inter alia, for leave to reargue its prior motion for summary judgment, contending that the court overlooked the defendant's argument therein based on the emergency doctrine. In an order dated December 5, 2022, the court granted that branch of the defendant's motion which was for leave to reargue and, upon reargument, in effect, vacated the prior order dated June 29, 2022, and thereupon, granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals.
"Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision" (Peretz v Zhenjun Xu, 205 AD3d 746, 747 [internal quotation marks omitted]; see Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc., 147 AD3d 1106, 1108-1109). Contrary to the plaintiff's [*2]contention, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was for leave to reargue its prior motion for summary judgment, as the court had overlooked the defendant's argument raised therein based on the emergency doctrine (see Petersen v Forest City Ratner Cos., LLC, 203 AD3d 1091, 1092).
"The emergency doctrine provides that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Anderson v Metropolitan Transp. Auth., 208 AD3d 742, 743 [internal quotation marks omitted]). "'Both the existence of an emergency and the reasonableness of a party's response thereto will ordinarily present questions of fact'" (Pappas v New York City Tr. Auth., 208 AD3d 890, 891, quoting Pavane v Marte, 109 AD3d 970, 971). "Summary judgment may be granted, however, when a party presents sufficient evidence demonstrating 'the existence of an emergency, as well as the reasonableness of the actor's response to it'" (Anderson v Metropolitan Transp. Auth., 208 AD3d at 743, quoting Wu Kai Ming v Grossman, 133 AD3d 742, 742; see Selig v Diez, 180 AD3d 832).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the transcript of Stanley's deposition testimony, which demonstrated that Stanley's act of braking to avoid a collision with the sedan that unexpectedly moved in front of the bus was a reasonably prudent act in light of an emergency situation not of his own making (see Rasweiler v Town of Huntington, 220 AD3d 675, 676; Bennett v New York City Tr. Auth., 212 AD3d 518; Weber v Monsey New Sq. Trails Corp., 191 AD3d 929, 930). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, upon reargument, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
The parties' remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court