Mulombo v City of New York (2025 NY Slip Op 03335)

Mulombo v City of New York

2025 NY Slip Op 03335

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2022-09566
 (Index No. 711755/19)

[*1]Patrick Mulombo, plaintiff-respondent, 
v
City of New York, defendant, New York City Transit Authority, et al., appellants, Mohammad Khan, defendant-respondent (and a third-party action).

Anna J. Ervolina, Brooklyn, NY (Timothy O'Shaughnessy and Theresa A. Frame of counsel), for appellants.
Hach & Rose, LLP, New York, NY (Halina Radchenko of counsel), for plaintiff-respondent.
Michael Ferro, Melville, NY (Patricia McDonagh of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, MTA Bus Company, and Herns Pierre-Louis appeal from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered November 3, 2022. The order, insofar as appealed from, denied those defendants' cross-motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them and granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against those defendants and, in effect, dismissing those defendants' affirmative defense alleging culpable conduct.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, the cross-motion of the defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, MTA Bus Company, and Herns Pierre-Louis for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them is granted, and that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against those defendants and, in effect, dismissing those defendants' affirmative defense alleging culpable conduct is denied.
In December 2018, the plaintiff allegedly was injured while he was a passenger on a bus operated by the defendant Herns Pierre-Louis. The accident occurred when the bus stopped short in order to avoid a collision with a vehicle, owned by the defendant Mohammad Khan, that cut in front of the bus. In July 2019, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, MTA Bus Company, and Herns Pierre-Louis (hereinafter collectively the MTA defendants).
In September 2022, the plaintiff cross-moved, inter alia, for summary judgment on the issue of liability against the MTA defendants and, in effect, dismissing the MTA defendants' affirmative defense alleging culpable conduct. The MTA defendants opposed the plaintiff's cross-motion and cross-moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them. In an order entered November 3, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the MTA defendants and, in effect, dismissing their affirmative defense alleging culpable conduct and denied the MTA defendants' cross-motion. The MTA defendants appeal.
Pursuant to the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Anderson v Metropolitan Transp. Auth., 208 AD3d 742, 743 [internal quotation marks omitted]; see Bernot v Reid, 227 AD3d 1043, 1045). "Both the existence of an emergency and the reasonableness of a party's response thereto will ordinarily present questions of fact" (Anderson v Metropolitan Transp. Auth., 208 AD3d at 743 [internal quotation marks omitted], quoting Pavane v Marte, 109 AD3d 970, 971; see Aiken v Liotta, 167 AD3d 826, 827). Summary judgment may be granted, however, when a party presents sufficient evidence demonstrating "the existence of an emergency, as well as the reasonableness of the actor's response to it" (Wu Kai Ming v Grossman, 133 AD3d 742, 742; see Wade v Knight Transp., Inc., 151 AD3d 1107, 1109-1110).
Here, in support of their respective cross-motions, the plaintiff and the MTA defendants submitted, inter alia, transcripts of the deposition testimony of the plaintiff and of Pierre-Louis and the bus's authenticated dash camera and internal surveillance footage of the accident. The evidence established, prima facie, that the actions of Pierre-Louis in braking softly to avoid a collision with a vehicle that had suddenly cut in front of the bus were reasonably prudent in an emergency situation not of his own making (see Rasweiler v Town of Huntington, 220 AD3d 675, 676; Marri v New York City Tr. Auth., 106 AD3d 699, 700). In opposition, the plaintiff failed to raise a triable issue of fact, as he failed to submit any evidence to show that Pierre-Louis created the emergency or could have avoided the plaintiff's accident by means other than braking softly (see Anderson v Metropolitan Trans. Auth., 208 AD3d at 743-744; Castillo v New York City Tr. Auth., 188 AD3d 484; cf. Wilson v New York City Tr. Auth., 219 AD3d 1563, 1564).
Accordingly, the Supreme Court should have granted the MTA defendants' cross-motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them. For the same reasons, the Supreme Court should have denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against those defendants and, in effect, dismissing their affirmative defense alleging culpable conduct.
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court