Callands v County of Westchester (2026 NY Slip Op 00489)

Callands v County of Westchester

2026 NY Slip Op 00489

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-06292
 (Index No. 63690/22)

[*1]Jerome Callands, appellant, 
vCounty of Westchester, et al., respondents.

The Licatesi Law Group, LLP, Uniondale, NY (Michael A. Licatesi and Joseph N. Armao of counsel), for appellant.
Maroney O'Connor LLP (Gerber Ciano Kelly Brady LLP, Garden City, NY [Brendan T. Fitzpatrick and Brian W. McElhenny], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated June 3, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff alleged that he sustained injuries while a passenger on a bus operated by the defendant J. Pitre Ruize and owned by the remaining defendants. After joinder of issue, the defendants moved for summary judgment dismissing the complaint. In an order dated June 3, 2024, the Supreme Court granted the motion. The plaintiff appeals.
"The emergency doctrine provides that 'when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context'" (Anderson v Metropolitan Transp. Auth., 208 AD3d 742, 743, quoting Rivera v New York City Tr. Auth., 77 NY2d 322, 327; see Aiken v Liotta, 167 AD3d 826, 827). "'Both the existence of an emergency and the reasonableness of a party's response thereto will ordinarily present questions of fact'" (Anderson v Metropolitan Transp. Auth., 208 AD3d at 743, quoting Pavane v Marte, 109 AD3d 970, 971; see Aiken v Liotta, 167 AD3d at 827). "Summary judgment may be granted, however, when a party presents sufficient evidence demonstrating 'the existence of an emergency, as well as the reasonableness of the actor's response to it'" (Anderson v Metropolitan Transp. Auth., 208 AD3d at 743, quoting Wu Kai Ming v Grossman, 133 AD3d 742, 742; see Wade v Knight Transp., Inc., 151 AD3d 1107, 1109-1110).
Here, bus surveillance video footage submitted by the defendants in support of their motion established that as the bus was about to travel through an intersection, a motorized scooter illegally entered the intersection, causing Ruize to quickly apply the brakes of the bus in order to avoid a collision and causing the plaintiff to fall. The video established, prima facie, that Ruize was confronted with an emergency not of his own making and reasonably reacted by applying the brakes [*2]in the manner in which he did (see Pappas v New York City Tr. Auth., 208 AD3d 890, 891-892; Anderson v Metropolitan Transp. Auth., 208 AD3d at 744; Weber v Monsey New Sq. Trails Corp., 191 AD3d 929, 929). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
In light of the foregoing, the plaintiff's remaining contention need not be reached.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court