Downer v Ford
2026 NY Slip Op 03146
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Avon Downer, et al., appellants,
v
Kevin Ford, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2024-09595, (Index No. 724765/20)
Betsy Barros, J.P.
Paul Wooten
Janice A. Taylor
James P. McCormack, JJ.

Licatesi Law Group, LLP, Uniondale, NY (Michael Licatesi and Lisa King of counsel), for appellants.
Kritzer Law Group (Anna J. Ervolina, Brooklyn, NY [Adrienne Yaron], of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), entered August 2, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs allegedly were injured while they were passengers on a bus owned or operated by the defendants as it was traveling on Murdock Avenue approaching its intersection with 205th Street. There was no traffic control device governing vehicles traveling on Murdock Avenue, but there was a stop sign governing vehicles traveling on 205th Street. The accident occurred when the bus stopped short in order to avoid a collision with a vehicle that entered the intersection from 205th Street and cut in front of the bus. The defendants moved for summary judgment dismissing the complaint. In an order entered August 2, 2024, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). Pursuant to the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327; see Anderson v Metropolitan Transp. Auth., 208 AD3d 742, 743; see also Wilson v New York City Tr. Auth., 219 AD3d 1563). "Both the existence of an emergency and the reasonableness of a party's response thereto will ordinarily present questions of fact" (Pavane v Marte, 109 AD3d 970, 971 [internal quotation marks omitted]; see Mulombo v City of New York, 239 AD3d 665, 666). "Summary judgment may be granted, however, when a party presents sufficient evidence demonstrating the existence of an emergency, as well as the reasonableness of the actor's response to it" (Kinard v New York City Tr. Auth., 233 AD3d 665, 666 [internal quotation marks omitted]; see Wu Kai Ming v Grossman, 133 AD3d 742).
Here, in support of their motion, the defendants submitted, inter alia, transcripts of the deposition testimony of the plaintiffs and the bus driver and authenticated surveillance video footage of the accident. This evidence established, prima facie, that the actions of the bus driver in braking abruptly to avoid a collision with the vehicle that had suddenly entered the intersection directly into the path of the bus were reasonably prudent in an emergency situation not of the bus driver's own making (see Mulombo v City of New York, 239 AD3d at 667; Kinard v New York City Tr. Auth., 233 AD3d at 666-667; Rasweiler v Town of Huntington, 220 AD3d 675, 676). In opposition, the plaintiffs failed to raise a triable issue of fact (see Rohn v Aly, 167 AD3d 1054, 1056; Foley v Santucci, 135 AD3d 813, 814).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court