Peretz v Zhenjun Xu (2022 NY Slip Op 03017)

Peretz v Zhenjun Xu

2022 NY Slip Op 03017

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-01006
 (Index No. 4558/14)

[*1]Michelle Peretz, respondent,
v
Zhenjun Xu, appellant, et al., defendant.

Nancy L. Isserlis, Long Island City, NY (The Zweig Law Firm, P.C. [Jonah S. Zweig], of counsel), for appellant.
Dell & Dean, PLLC, Garden City, NY (Joseph G. Dell and Mischel & Horn, P.C. [Scott T. Horn and Andrew J. Fisher], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Zhenjun Xu appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 5, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to reargue her opposition to the prior motion of the defendant Zhenjun Xu for summary judgment dismissing the complaint insofar as asserted against him, which had been granted in an order of the same court (Johnny Lee Baynes, J.) dated January 23, 2020, and, upon reargument, in effect, vacated that portion of the order dated January 23, 2020, and thereupon denied that defendant's prior motion.
ORDERED that the order dated January 5, 2021, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was for leave to reargue her opposition to the prior motion of the defendant Zhenjun Xu for summary judgment dismissing the complaint insofar as asserted against him is denied, and so much of the order dated January 23, 2020, as granted that defendant's prior motion is reinstated.
The plaintiff commenced this action to recover damages for injuries she allegedly sustained as a passenger in a vehicle operated by the defendant Zhenjun Xu (hereinafter the driver). The driver moved for summary judgment dismissing the complaint insofar as asserted against him based upon the emergency doctrine, in light of his deposition testimony and video footage from a dashboard camera demonstrating that his vehicle was suddenly cut off by another vehicle and that he applied the brakes and swerved to avoid a collision. In an order dated January 23, 2020, the
Supreme Court granted the motion.
Thereafter, the plaintiff moved, inter alia, for leave to reargue her opposition to the driver's prior motion. In an order dated January 5, 2021, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and, upon reargument, in effect, vacated that portion of the prior order which granted the driver's prior motion, and thereupon denied that prior motion. The driver appeals.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). "'Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted [*2]upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision'" (E.W. Howell Co., Inc. v S.A.F. La Sala Corp., 36 AD3d 653, 654, quoting Carillo v PM Realty Group, 16 AD3d 611, 611 [alterations omitted]; see Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc., 147 AD3d 1106, 1108-1109). However, "a motion for leave to reargue 'is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented'" (Jaspar Holdings, LLC v Gotham Trading Partners #1, LLC, 186 AD3d 582, 584, quoting McGill v Goldman, 261 AD2d 593, 594; see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d 772, 773; Williams v Abiomed, Inc., 173 AD3d 1115, 1116; Haque v Daddazio, 84 AD3d 940, 942).
Here, the Supreme Court's prior determination granting the driver's motion for summary judgment dismissing the complaint insofar as asserted against him was correct. The driver's submissions, including the dashboard camera video footage, established that his act of swerving and applying his brakes to avoid a collision with another vehicle that suddenly cut in front of his vehicle was a reasonably prudent act in light of the emergency situation, which was not of his own making (see Weber v Monsey New Sq. Trails Corp., 191 AD3d 929; Wu Kai Ming v Grossman, 133 AD3d 742; Bonforte v M.K.'s Landscaping of Liberty, LLC, 131 AD3d 910, 911-912; Tarnavska v Manhattan & Bronx Surface Tr. Operating Auth., 106 AD3d 1079, 1079). In opposition to the driver's motion, the plaintiff failed to raise a triable issue of fact.
In support of her motion, inter alia, for leave to reargue, the plaintiff repeated her earlier arguments and did not demonstrate that the court had overlooked or misapprehended any matter of fact or law in rendering the prior determination (see Williams v Abiomed, Inc., 173 AD3d at 1116; Haque v Daddazio, 84 AD3d at 942). Accordingly, that branch of the plaintiff's motion which was for leave to reargue her opposition to the driver's prior motion for summary judgment should have been denied.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court