Parker v City of Yonkers (2023 NY Slip Op 00102)

Parker v City of Yonkers

2023 NY Slip Op 00102

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-04826
 (Index No. 65342/17)

[*1]Danielle Parker, appellant, 
v
City of Yonkers, et al., respondents, et al., defendants.

Raneri, Light & O'Dell, PLLC, White Plains, NY (Kevin D. O'Dell of counsel), for appellant.
Matthew I. Gallagher, Corporation Counsel, Yonkers, NY (Rachel G. Kravitz and David Redmond of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated June 11, 2020. The order granted the motion of the defendants City of Yonkers, Yonkers Department of Public Works, Yonkers Department of Parks, Recreation, and Conservation, and Yonkers Shade Tree Division for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In September 2016, the plaintiff allegedly sustained personal injuries when she tripped and fell in Yonkers on a sidewalk slab that was raised by tree roots from an adjacent tree. The plaintiff commenced this action against, among others, the defendants City of Yonkers, Yonkers Department of Public Works, Yonkers Department of Parks, Recreation, and Conservation, and Yonkers Shade Tree Division (hereinafter collectively the Yonkers defendants).
After discovery was complete, the Yonkers defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground, among others, that they did not receive prior written notice of the sidewalk condition alleged, as required by section C24-11 of the Charter of the City of Yonkers. The Supreme Court granted the motion, and the plaintiff appeals.
In support of their motion, the Yonkers defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not receive prior written notice of the sidewalk condition that allegedly caused the plaintiff's accident, as required by section C24-11 of the Charter of the City of Yonkers. The burden thereby shifted to the plaintiff to demonstrate either that a triable issue of fact existed in that regard or that one of the two recognized exceptions to the prior written notice law applied (see Groninger v Village of Mamaroneck, 17 NY3d 125, 129; Yarborough v City of New York, 10 NY3d 726, 728; Amabile v City of Buffalo, 93 NY2d 471, 474; Smith v City of New York, 210 AD3d 53, 69). Contrary to the plaintiff's contention, any evidence that the Yonkers defendants might have had actual or constructive notice of the alleged sidewalk condition prior to the accident did not override the statutory requirement of prior written notice here (see Amabile v City of Buffalo, 93 NY2d at 475-476; Wolin v Town of N. Hempstead, 129 [*2]AD3d 833, 835; Velho v Village of Sleepy Hollow, 119 AD3d 551, 552; Chirco v City of Long Beach, 106 AD3d 941, 943).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Yonkers defendants were provided with the requisite prior written notice of the sidewalk condition alleged or whether an exception to the prior written notice requirement applied (see Weinstein v County of Nassau, 180 AD3d 730, 731; Wolin v Town of N. Hempstead, 129 AD3d at 835; Methal v City of New York, 116 AD3d 743, 744).
Accordingly, the Supreme Court properly granted the Yonkers defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court