Hallett v City of New York (2023 NY Slip Op 04367)

Hallett v City of New York

2023 NY Slip Op 04367

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-08624
 (Index No. 500231/16)

[*1]Rhonda Hallett, respondent,
v
City of New York, et al., appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Janet L. Zaleon of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated September 25, 2020. The order granted the plaintiff's motion for leave to reargue her opposition to the defendants' prior motion for summary judgment dismissing the complaint, which had been granted in an order of the same court dated March 1, 2019, and, upon reargument, in effect, vacated the order dated March 1, 2019, and thereupon, denied the defendants' prior motion.
ORDERED that the order dated September 25, 2020, is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to reargue her opposition to the defendants' prior motion for summary judgment dismissing the complaint is denied, and the order dated March 1, 2019, is reinstated.
On December 2, 2014, the plaintiff allegedly was injured when she stepped off the sidewalk in front of premises located on Tompkins Avenue in Brooklyn and into a water catch basin in the street. The plaintiff commenced this action against the defendants, City of New York and New York City Department of Environmental Protection, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint on the ground that they did not receive prior written notice of the alleged defect as required by Administrative Code of the City of New York § 7-201(c). In an order dated March 1, 2019, the Supreme Court granted the motion.
Thereafter, the plaintiff moved for leave to reargue her opposition to the defendants' prior motion for summary judgment dismissing the complaint. In an order dated September 25, 2020, the Supreme Court granted the plaintiff's motion and, upon reargument, in effect, vacated the order dated March 1, 2019, and thereupon, denied the defendants' prior motion. The defendants appeal.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). "Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision" (Peretz v Zhenjun Xu, 205 AD3d 746, 747 [internal quotation marks omitted]). However, "[a] motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided or to present [*2]arguments different from those originally presented" (Flanagan v Delaney, 194 AD3d 694, 698; see Williams v Abiomed, Inc., 173 AD3d 1115, 1116).
Here, the Supreme Court's prior determination granting the defendants' motion for summary judgment dismissing the complaint was correct. The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating, through a search of the City Department of Transportation records and maps served on the City Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation (hereinafter Big Apple), that the defendants did not receive prior written notice of the alleged defect (see Fiero v City of New York, 190 AD3d 822, 824; Puzhayeva v City of New York, 151 AD3d 988, 991). None of the defects shown on the relevant Big Apple map was the one which allegedly caused the plaintiff's injuries, and, therefore, the map did not provide the defendants prior written notice of the alleged defect (see De Zapata v City of New York, 172 AD3d 1306, 1308; Daniels v City of New York, 91 AD3d 699, 700). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants were provided with prior written notice of the alleged defect or whether an exception to the prior written notice requirement applied (see Parker v City of Yonkers, 212 AD3d 643, 644; Smith v City of New York, 210 AD3d 53, 69-70; see also Gori v City of New York, 171 AD3d 1025, 1026).
In support of her motion for leave to reargue, the plaintiff merely repeated her earlier arguments and did not demonstrate that the Supreme Court had overlooked or misapprehended any matter of fact or law in rendering the prior determination (see Peretz v Zhenjun Xu, 205 AD3d at 747; Williams v Abiomed, Inc., 173 AD3d at 1116). Accordingly, the plaintiff's motion for leave to reargue her opposition to the defendants' prior motion for summary judgment dismissing the complaint should have been denied.
BARROS, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court