**Simpson v Success Academy Charter Schs., Inc.**

2023 NY Slip Op 34552(U)

December 21, 2023

Supreme Court, Kings County

Docket Number: Index No. 514131/2018

Judge: Delores J. Thomas

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 11 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 21st day of December, 2023.

P R E S E N T:

HON. DELORES J. THOMAS
                              Justice.
---------------------------------------------------------------------------X
CRYSTAL MACK SIMPSON, as Administratrix
Of the Estate of STEPHEN C. SIMPSON,

                              Plaintiff,

            -against-                                    Index No.: 514131/2018


SUCCESS ACADEMY CHARTER SCHOOLS, INC.,
555 TENTH AVENUE, LLC, GILBANE BUILDING
COMPANY, RICHTER & RATNER CONTRACTING
CORP., EXTELL DEVELOPMENT COMPANY,
FIVE STAR ELECTRIC CORP., INFINITY
ELEVATOR COMPANY, INC., PATRIOT ELECTRIC
CORP. and CITY SAFETY COMPLIANCE CORP.,

                              Defendants.
---------------------------------------------------------------------------X
RICHTER & RATNER CONTRACTING CORP.,

                              Third-Party Plaintiff

            -against-

CITY SAFETY COMPLIANCE CORP. and
PATRIOT ELECTRIC CORP.,
                              Third-Party Defendants,
---------------------------------------------------------------------------X
The following e-filed papers read herein:                    NYSCEF Nos.:


Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____ 869-876,882-890,892-894,896-901,903-904
Opposing Affidavits (Affirmations)_____ 919,920,921-923,924-926,927,928,929-934,935-936,937-938
Affidavits/ Affirmations in Reply _____ 939,940,941,942,943,944-947
Other Papers: _____ _____

[* 1]

Upon the foregoing papers in this wrongful death action: (1) Plaintiff Crystal Mack Simpson, as Administratrix of the Estate of Stephen C. Simpson (plaintiff) moves, in motion (mot.) sequence (seq.) 19, for an order granting leave to reargue defendant Five Star Electric Corp.'s (Five Star) previous motion for summary judgment. Upon the granting of such leave, plaintiff seeks an order denying that branch of Five Star's previous motion which sought summary judgment dismissing plaintiff's common-law negligence claim against it; (2) Plaintiff moves, in mot. seq. 20, for an order granting leave to reargue defendant/third-party defendant Patriot Electric Corp.'s (Patriot) previous motion for summary judgment. Upon the granting of such leave, plaintiff seeks an order denying that branch of Patriot's previous motion which sought summary judgment dismissing plaintiff's common-law negligence claim against it; (3) Defendant/third-party plaintiff Richter & Ratner Contracting Corp. (Richter) moves, in mot. seq. 21, for an order granting leave to reargue Richter's prior motion for summary judgment. Upon the granting of such leave, Richter seeks an order dismissing plaintiff's common-law negligence claim against it. Alternatively, in the event the court grants plaintiff's motions to reargue against Five Star and Patriot, Richter seeks leave to re-assert its contribution and common-law indemnification claims against these defendants, as well as Richter's contractual indemnification claim against Patriot; (4) Plaintiff moves, in mot. seq. 22, for an order granting leave to reargue defendants' 555 Tenth Avenue LLC (555 Tenth) and Extell Development Company (Extell) previous motion for summary judgment as well as plaintiff's prior cross motion to strike their answer. Upon the granting of such leave,

2

[* 2]

plaintiff seeks an order denying 555 Tenth and Extell's previous summary judgment motion and granting plaintiff's prior cross motion to strike their answer; (5) Defendant Success Academy Charter Schools, Inc. (Success) moves, in mot. seq. 23, for leave to reargue its previous motion for summary judgment. Upon the granting of such leave, Success seeks an order dismissing plaintiff's common-law negligence claim against it.

### *The Prior Order*

In an order dated February 3, 2023 (the prior order), the court determined numerous summary judgment motions made by the defendants in this action.[1] In particular, the court granted Five Star's motion for summary judgment dismissing all of plaintiff's claims against it. The court further granted Patriot's motion for summary judgment dismissing all of plaintiff's claims against it. In addition, the court denied without prejudice to renew upon the completion of discovery those of branches of Richter and Success's respective cross motions for summary judgment dismissing plaintiff's common-law negligence claims against them and granted those branches of Richter and Success's respective cross motions which sought summary judgment dismissing plaintiff's remaining claims against them. Further, the court granted 555 Tenth and Extell's motion for summary judgment dismissing plaintiff's claims against it. Finally, the court denied that branch of plaintiff's motion which sought an order, pursuant to CPLR 3126, striking 555 Tenth and Extell's answers.

---

[1] In the interest of judicial economy, the court has not included the lengthy background facts and procedural history of the case in this order as they were set forth in detail in the prior order.

3

*Plaintiff's Motion to Reargue Against Five Star*

Plaintiff moves to reargue that branch of Five Star's prior motion which sought summary judgment dismissing plaintiff's common-law negligence claim against it. Upon the granting of such leave, plaintiff seeks an order denying Five Star's motion for summary judgment dismissing plaintiff's common-law negligence claim against it. In support of this motion, plaintiff maintains that the court overlooked applicable law and facts in dismissing her common-law negligence claim against Five Star. In particular, plaintiff points out that Five Star shut down the power to the building which ultimately led to the decedent becoming trapped in the elevator. Accordingly, plaintiff maintains that there are issues of fact regarding whether or not Five Star owed the decedent a duty of care inasmuch as it launched an instrument of harm that caused the accident. Plaintiff further maintains that there are issues of fact as to whether Five Star breached this duty by failing to take adequate actions to safeguard and secure the elevators prior to the power shut down. In addition, plaintiff argues that the court misapprehended CPLR 3212 (f) in finding that Five Star's motion was not premature. In particular, plaintiff notes that the statute requires that motions for summary judgment be denied where facts essential to justify opposition may exist but cannot be stated because they remain in the exclusive knowledge of the moving party. In this regard, plaintiff notes that Lenny Bates has not been deposed and, according to plaintiff, the court should not have relied upon Mr. Bate's self-serving affidavit in which he claimed that Five Star was not responsible for ensuring that the Success Academy project and its elevators were clear prior to the power shut down.

4

[* 4]

In opposition to plaintiff's motion, Five Star contends that the court properly dismissed plaintiff's common-law negligence claim against it given the uncontroverted evidence that it was not a contractor on the Success Academy project and did not exercise any control or authority over the premises where the elevator was located. Thus, Five Star maintains that it had no way of knowing that the decedent would return to the locked and closed jobsite after it had been informed that the premises had been cleared of workers. Stated otherwise, Five Star argues that it fulfilled any duty of care it owed to the decedent when it notified the contractors on the Success Academy project of the planned power shut down and received confirmation that the Success Academy building had been cleared of workers prior to shutting off the power. Finally, Five Star avers that there is no merit to plaintiff's argument that its summary judgment motion was premature since plaintiff has failed to provide an evidentiary basis to suggest that additional discovery would lead to evidence necessary to defeat Five Star's summary judgment motion.

"Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its early decision" (*Peretz v Zhenjun Xu*, 205 AD3d 746, 747 [2022] [internal quotation marks omitted). However, a motion for leave to reargue "is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (*McGill v Goldman*, 261 AD2d 593, 594 [1999]).

5

[* 5]

Here, plaintiff has failed to demonstrate that the court overlooked or misapprehended applicable facts or law in previously granting Five Star's motion for summary judgment dismissing plaintiff's common-law negligence claim against it. Rather, plaintiff raises the same arguments previously set forth in her opposition papers which were considered by the court and found to be lacking in merit. Accordingly, plaintiff's motion for leave to reargue that branch of Five Star's previous motion, which sought summary judgment dismissing plaintiff's common-law negligence claim against it, is denied.

### *Plaintiff's Motion to Reargue Against Patriot*

Plaintiff moves to reargue that branch of Patriot's prior motion which sought summary judgment dismissing plaintiff's common-law negligence claim against it. Upon the granting of such leave, plaintiff seeks an order denying Patriot's motion for summary judgment dismissing plaintiff's common-law negligence claim against it. In support of this motion, plaintiff argues that the court overlooked and misapprehended relevant facts in dismissing her common-law negligence claim against Patriot. In particular, plaintiff maintains that Patriot's accident report, Patriot's insurance carrier's Workers' Compensation Pre-Hearing Conference Statement, as well as an OSHA report contradict Mr. Sampson's (Patriot's foreman on the jobsite) claim in his affidavit that he warned the decedent of the power shut down before he left the jobsite. Plaintiff further contends that Patriot had a duty to warn the decedent of the power shut down since it was his employer. In addition, plaintiff avers that there are issues of fact regarding whether Patriot launched an instrument of harm in failing to properly evacuate its employees prior to the power shut down.

6

[* 6]

In opposition to plaintiff's motion, Patriot maintains that plaintiff has failed to show that the court overlooked or misapprehended applicable facts or law in previously dismissing the common-law negligence claim against it. According to Patriot, plaintiff merely raises the same arguments that it previously made in opposition to Patriot's motion. In any event, Patriot contends that the court correctly dismissed the common-law negligence claim against it inasmuch as Mr. Sampson stated in his sworn affidavit that he warned the decedent about the power shut down and based upon the fact that Patriot was not responsible for securing the jobsite and had vacated the area prior to the power shut down.

Under the circumstances herein, in order to address in more detail plaintiff's argument that Patriot failed to warn the decedent of the power shut down, the court grants plaintiff's motion to reargue Patriot's prior motion to dismiss the common-law negligence claim against it. However, upon reargument, the court adheres to its original determination. In this regard, there is no merit to plaintiff's claim that Mr. Sampson's affidavit is inconsistent with the accident report that he filled out in his capacity as Patriot's foreman. In particular, Mr. Sampson stated in both the accident report and affidavit that he warned the decedent of the power shut down. Moreover, the equivocal statement in the Pre-Hearing Conference Statement that the decedent "evidently did not know about the scheduled elevator maintenance" is inadmissible as the statement was drafted by an attorney with no first-hand knowledge of what occurred, and the source of this statement is not identified (*Memenza v Cole*, 131 AD3d 1020, 1022 [2015]). Finally, in reviewing the OSHA report (which has been partially redacted), it appears that OSHA determined

7

that the decedent had not been notified of the power shut down because he clocked out and left the jobsite *before* Patriot was informed about what was going to occur. Accepting this as being true, it fails to raise an issue of fact as to whether Patriot was negligent in failing to warn the decedent since the OSHA report indicates that Patriot remained unaware of the power shut down until after the decedent left the site for the day.

Accordingly, plaintiff's motion to reargue Patriot's prior motion for summary judgment dismissing the common-law negligence claim against it is granted and upon reargument, the court adheres to its original determination.

### Plaintiff's Motion to Reargue Against Extell and 555 Tenth

Plaintiff moves for leave to reargue that branch of Extell and 555 Tenth's motion which sought summary judgment dismissing plaintiff's common-law negligence claim against them.[2] Upon the granting of such leave, plaintiff seeks an order denying Extell and 555 Tenth's motion for summary judgment dismissing this cause of action. Plaintiff further moves for leave to reargue that branch of her own motion which sought an order, pursuant to CPLR 3126, striking these defendants' answer based upon their failure to comply with discovery demands. Upon the granting of such leave, plaintiff seeks an order striking Extell and 555 Tenth's answer. In support of her motion, plaintiff maintains that the court overlooked and misapprehended applicable law and facts in previously dismissing her common-law negligence claim against Extell and 555 Tenth. In particular, plaintiff notes

---

[2] In the prior order, the court granted Extell and 555 Tenth's motion for summary judgment dismissing all of plaintiff's claims against them, including her Labor Law causes of action. Although plaintiff's notice of motion indicates that she seeks leave to reargue the entire prior motion, the discussion in her motion papers is limited to her common-law negligence cause of action. Accordingly, the court deems plaintiff's motion for leave to reargue the prior motion to be limited to her common-law negligence claim against Extell and 555 Tenth.

that the power shut down was instituted by Five Star, which was retained as a subcontractor by Extell and 555 Tenth. In addition, plaintiff maintains that there are issues of fact as to whether these defendants had actual notice of the decedent reentering the jobsite prior to the shut down since their cameras recorded the decedent doing so. Thus, plaintiff maintains that the court erred in dismissing the common-law negligence cause of action against Extell and 555 Tenth.

With respect to her motion to reargue the previous denial of her motion to strike Extell and 555 Tenth's answer, plaintiff notes that in a prior order, the court directed that Extell and 555 Tenth provide plaintiff with all video outtakes taken by their cameras at the jobsite for the time period between 3:42 PM on July 22, 2017 and 7:00 AM on July 23, 2017 to the extent that they existed. However, when she demanded that these outtakes be produced, Extell and 555 Tenth claimed that no such outtakes existed. According to plaintiff, this response was not credible inasmuch as there must have been additional outtakes beyond what had already been provided (i.e., the videos showing the decedent leave the jobsite, reenter the jobsite, and enter the building).

In opposition to plaintiff's motion to reargue the prior determination regarding her common-law negligence claim, Extell and 555 Tenth maintain that the court did not err in dismissing this claim given the uncontroverted evidence demonstrating that they had no control over, and were not otherwise responsible for maintaining the Success Academy jobsite or the elevator involved in the underlying incident. In this regard, Extell and 555 Tenth point to Richard Coleman's affidavit in which he states that the premises was sold to Success Academy seven months prior to the accident. In addition, Extell and 555 Tenth

9

[* 9]

contend that the court properly denied plaintiff's prior motion to strike their answer given the fact that plaintiff was provided with the surveillance video which showed plaintiff leaving the jobsite, returning to the jobsite, and entering the building. Further, with respect to the court's directive that Extell and 555 Tenth provide plaintiff with additional video outtakes to the extent that they existed, the defendants note that they served their responses to plaintiff's discovery request which informed plaintiff that no such outtakes exist.

Turning first to plaintiff's motion to reargue Extell and 555 Tenth's prior motion for summary judgment dismissing plaintiff's common-law negligence claim against them, plaintiff has failed to demonstrate that the court overlooked or misapprehended relevant facts or law in previously dismissing this claim. The evidence before the court demonstrates that neither of these parties owned or exercised any control over the Success Academy project where the underlying accident occurred. Further, while it is true that Extell/555 Tenth's subcontractor Five Star initiated the power shut down, the court has already determined that Five Star was not negligent.

With respect to plaintiff's motion to reargue her prior motion to strike Extell and 555 Tenth's answer, plaintiff has also failed to demonstrate that the court overlooked relevant facts and law in denying the motion. Further, to the extent that plaintiff seeks sanctions, including striking Extell and 555 Tenth's answer, based upon their failure to comply with the court's directive in the previous order that they provide her with all video outtakes for the time period between 3:42 PM on July 22, 2017 and 7:00 AM on July 23, 2017, the court notes that the defendants responded to this demand and stated that no such additional outtakes exist. Additionally, plaintiff has failed to provide any evidence that

10

[* 10]

such additional evidence does exist. In this regard, the court notes that the subject cameras were activated by motion and the jobsite was closed from approximately 4:30 PM on July 22, 2017 until 7:00 AM the following morning.

Accordingly, plaintiff's motion for leave to reargue the court's prior determinations concerning her common-law negligence claim against Extell and 555 Tenth and the striking of their answer is denied. Furthermore, to the extent that plaintiff seeks sanctions against Extell and 555 Tenth based upon their failure to turn over additional video outtakes, said motion is also denied.

### *Success and Richter's Cross Motions to Reargue*

Success and Richter separately cross-move for leave to reargue those branches of their prior motions which sought summary judgment dismissing plaintiff's common-law negligence claims against them with prejudice. Upon the granting of such leave, Success and Richter seek an order dismissing plaintiff's common-law negligence claim against them with prejudice. In moving for reargument, Success (which owned the area of the building where the accident occurred) argues that the court overlooked and/or misapprehended applicable facts and law in previously denying (without prejudice to renew upon the completion of discovery) its motion to dismiss plaintiff's common-law negligence claim against it. In particular, Success maintains that under applicable caselaw, owners only have a duty to maintain a premises in a safe condition when they have control over the premises. Here, Success contends that the Construction Management Agreement between it and Richter establishes that it did not have any control over the premises and that its only responsibility under the Agreement was to make timely payments to Richter.

11

In addition, Success avers that the court overlooked unrebutted evidence in the form of Jose Vera's and Darwin Rivera's affidavits that there was no history of break-ins or thefts at the jobsite. Similarly, Success maintains that plaintiff failed to raise any issues of fact as to whether the project site doors were locked and secured. Further, Success argues that the court misapprehended the Building Code provision regarding the placement of a watchperson. Specifically, Success argues that no watchperson was required since the applicable code provision only requires a watchperson when an individual building is being constructed or demolished and the underlying project involved the construction of a condominium unit located within an existing building. Finally, Success contends that any alleged defects involving the elevator are irrelevant since it was not foreseeable that the decedent would return to the jobsite.

In support of its motion for reargument, Richter (which was the construction manager/general contractor on the Success Academy Project) raises many of the same arguments advanced by Success in support of its motion for reargument. In particular, Richter contends that the court overlooked evidence demonstrating that there was no history of thefts or break-ins at the jobsite, that there was no requirement under the Building Code that a watchperson be posted at the jobsite, and that the condition of the elevator was irrelevant since it was not foreseeable that the decedent would break into the building and use the elevator. In addition, Richter argues that its duty to secure the jobsite was unequivocally met since it is undisputed that the doors to the site were locked and that the decedent forced his way into the site.

12

In opposition to Success and Richter's respective motions to reargue, plaintiff maintains that both defendants have failed to show that the court overlooked or misapprehended relevant law or facts in reaching its determination regarding plaintiff's common-law negligence claims. To the contrary, plaintiff argues that the court properly determined that the defendants' motions for summary judgment dismissing the common-law negligence claims against them were premature given the fact that all of the relevant evidence surrounding these claims, including foreseeability and the manner in which the gate and doorway into the building were secured is in the sole possession of the defendants. In addition, plaintiff argues that Success could not delegate away its common-law duty to maintain its premises in a safe condition. Moreover, plaintiff notes that Success and Richter's argument regarding the necessity of a watchperson and the Building Code was improperly raised for the first time in a reargument motion. In any event, plaintiff points out that this argument ignores the fact that Richter's own safety plan for the project called for a watchperson to be on duty during after-hours.

Here, Richter and Success have failed to demonstrate that the court overlooked or misapprehended applicable facts or law in previously denying their motions for summary judgment dismissing plaintiff's common-law negligence claims against them without prejudice to renewal upon the completion of discovery. Instead, Richter and Success raise the same arguments which the court previously addressed in the prior order, or in the case of their Building Code arguments, were improperly raised for the first time in a reargument motion. Accordingly, Richter and Success's motions to reargue their prior motions for

13

[* 13]

summary judgment dismissing plaintiff's common-law negligence claim against them are denied.[3]

*Summary*

In summary: (1) Plaintiff's motion, in mot. seq. 19, which seeks leave to reargue defendant Five Star's prior motion for summary judgment dismissing plaintiff's common-law negligence claim against it is denied; (2) Plaintiff's motion, in mot. seq. 20, which seeks leave to reargue Patriot's prior motion for summary judgment dismissing plaintiff's common-law negligence claim against it is granted. However, upon the granting of such leave, the court adheres to its prior determination; (3) Richter's motion, in mot. seq. 21, which seeks leave to reargue its prior motion for summary judgment dismissing plaintiff's common-law negligence claim against it is denied. Richter's alternative motion, which seeks leave to reassert its contribution and common-law indemnification claims against Five Star and Patriot, as well as it contractual indemnification claim against Patriot is denied; (4) Plaintiff's motion, in mot. seq. 22, which seeks leave to reargue 555 Tenth and Extell's prior motion for summary judgment as well as plaintiff's prior motion to strike their answer is denied; (5) Success's motion, in mot. seq. 23, which seeks leave to reargue, under CPLR 2221, its prior motion for summary

---

[3] Inasmuch as the court denied plaintiff's motions to reargue against Five Star and Patriot, that branch of Richter's motion which seeks to re-assert its contribution and common-law indemnification claims against these defendants as well as Richter's contractual indemnification against Patriot is denied.

14

[* 14]

judgment dismissing plaintiff's common-law negligence claim against it is denied.

This constitutes the decision and order of the court.


E N T E R,

J. S. C.

15