| Brown v Lindsay |
| --- |
| 2024 NY Slip Op 34249(U) |
| November 26, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 534320/2023 |
| Judge: Wavny Toussaint |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED: KINGS COUNTY CLERK 11/27/2024

NYSCEF DOC. NO. 119

INDEX NO. 534320/2023

RECEIVED NYSCEF: 11/29/2024

At an IAS Term, Part 70 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 26th day of November 2024.

P R E S E N T:
HON. WAVNY TOUSSAINT,
Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DWAIN BROWN and SANDY BIEN-AIME BROWN,

Plaintiffs,

- against -

MARSHA LINDSAY, MARIA LINDSAY, TITUS BROWN d/b/a T. BROWN CONSTRUCTION CO.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. 534320/2023

**DECISION AND ORDER**

Motion Seq. #3

The following e-filed papers read herein

NYSCEF Doc Nos.

Notice of Motion/Order to Shower Cause/
Petition/Cross Motion and
Affidavits (Affirmations) _____      76-87, 91
Opposing Affidavits (Affirmations) _____      97-100
Reply Affidavits (Affirmations) _____      103-106
Other papers _____      107-111

Upon the foregoing papers, defendants Marsha Lindsay and Maria Lindsay

(collectively as "defendants") move by Order to Show Cause pursuant to CPLR §

2221(d) for leave to reargue and pursuant to CPLR § 2221(e) to renew the July 3,

2024 decision and order ("Order") of this court granting plaintiff's request for a

[* 1]

preliminary injunction, and upon such re-argument and renewal, denying the preliminary injunction. Plaintiffs oppose the motion.

## BACKGROUND AND PROCEDURAL HISTORY

A full discussion of the facts giving rise to this action and the procedural history herein to date, are more fully set forth in the Order. Additional relevant facts are set forth as follows: by Order to Show Cause filed on November 27, 2023, plaintiffs moved, *inter alia*, to enjoin defendants from performing additional construction work at defendants' property located at 346 McDonough Street, Brooklyn, NY ("Site") and encroaching upon plaintiffs' property located at 344 McDonough Street, Brooklyn, NY ("Adjoining Property"). Defendants opposed, arguing, *inter alia*, that damages are compensable, the remaining work does not require access to plaintiffs' property, and plaintiffs failed to establish irreparable harm. Plaintiffs contend the constructive work performed continues to create a hazardous condition, is a grave concern for plaintiffs' safety, and defendants continue to perform construction work without any approved plans, permits or approvals. On July 3, 2024, the Court granted plaintiff's Order to Show Cause for a preliminary injunction.

Defendants now move to reargue and renew, asserting the Court overlooked or misapprehended matters of fact and law. Defendants reiterate, *inter alia*, there is no basis to grant plaintiff's motion for a preliminary injunction. Particularly,

2

[* 2]

defendants argue plaintiffs did not allege any future threat of harm or that plaintiff would or could be injured by the construction work that is being enjoined. Moreover, defendants argue the work being enjoined does not require access to plaintiffs' property to complete the work at the Site, and the New York City Department of Buildings ("DOB") found no hazardous conditions on site and has fully rescinded their stop work orders. Defendants assert new and additional evidence demonstrate the remaining work does not pose a risk of harm to plaintiffs' property, and their plans have been approved in accordance with DOB, Landmarks Commission, and all other applicable law. Defendants further assert that all excavation, foundation, underpinning, and structural work has been completed in accordance with the DOB; there is no remaining work on the shared party wall, nor is access to plaintiffs' property required to complete the construction work at the Site; as the only remaining work is the installation of finishing details, including *inter alia,* sheet-rocking, plaster and paint and bathroom tiles.

In opposition, plaintiffs contend defendants failed to establish the Court overlooked or misapprehended the facts or the law, as they merely repeat the same arguments already heard before the court for the preliminary injunction. Plaintiffs rebut defendants' arguments highlighting the fact that defendants did not receive any DOB approval, and that there are four active violations dated June 15, 2021.[1]

---

[1] NYSCED Doc. No. 98, pages 7, 9, 11, and 13.

3

[* 3]

Plaintiffs also contend, *inter alia*, their plans were already approved by the DOB and Landmarks Commission, and therefore, defendants' plans cannot be approved, as it is inconsistent with the scope of work for the same party-wall.

In reply, defendants again assert that plaintiffs failed to allege or offer any evidence that they would or could be injured by the construction work that is enjoined. Defendants also claim plaintiffs started structural and excavation work on the party wall, but did not ask for nor did they receive defendants' permission to extend metal bars onto defendants' property. In support, defendants submit a copy of a stop work order from DOB dated October 10, 2024, which indicated there is no access agreement with defendants for the proposed underpinning.

With the Court's permission, on October 22, 2024, plaintiffs submitted sur-reply papers in response to defendants' reply papers, as defendants presented new facts not previously stated. Plaintiffs explain that the defendants' actions necessitated their own remediation efforts to the party wall, and as defendants refuse to remediate the damage caused; and, but for plaintiffs' remedial efforts, the party wall could have fully collapsed, thereby creating a significant risk to both the plaintiffs' property and public safety. Plaintiffs contend that as a result of defendants' illegal construction activities, unsafe soil erosion continued to ensue, creating an immediately hazardous condition. Plaintiffs contend defendants continue to violate the law (construction work without any approved plans) and the Court's

4

[* 4]

prior orders. These facts that plaintiffs contend provides the basis for continuing to keep in place the Court's preliminary injunction.

On October 28, 2024, defendant submitted sur-sur-reply papers, wherein they repeat the same argument that plaintiffs did not allege a risk of harm. Defendants also repeat their argument that plaintiffs did not provided a basis to enjoin defendants from their remaining work, *inter alia*, painting of interior walls, replacing kitchen cabinets, and laying bathroom tiles.

## DISCUSSION

"A motion for leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion (CPLR 221[d][2]). Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision. However, a motion for leave to reargue 'is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented (*Peretz v Xu*, 205 AD3d 746, 747 [2d Dep't 2022][internal quotation marks and citations omitted]).

"A motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination' (CPLR 2221 [e][2])" (*Lepper v. Village of Babylon*, 230 AD3d 584, 586 [2d Dep't 2024]).

5

[* 5]

Here, defendants merely repeated the same facts and legal theories previously considered (*Hallett v City of New York*, 219 AD3d 809, 811 [2d Dep't 2023]). The Court has fully considered the record before it and weighed the evidence presented by both parties, in accord with the standard of review on a motion for preliminary injunction and finds no basis to reverse its prior decision (*538 Morgan Ave. Properties, LLC v 538 Morgan Realty, LLC*, 186 AD3d 657, 658 [2d Dep't 2020]). Moreover, defendants continue to fail to appreciate the hazardous condition plaintiffs continue to face as the shared party wall remains unrepaired. Therefore, the court hereby finds defendants failed to demonstrate the court overlooked or misapprehended any relevant facts that were before it or misapplied any controlling principle of law (*Garcia v Cali CW Realty Assocs., L.P.*, 230 AD3d 1231, 1231 [2d Dep't 2024]).

As to renewal, the Court finds defendants' assertions constitute nothing more than bare allegations, which in any event, are conclusory and without support, and thus cannot serve as a basis to grant a renewal motion. Moreover, defendants raise for the first time in their reply papers that plaintiffs have started structural and excavation work but failed to give the defendants notice about same and did not ask for nor receive defendants' permission to extend metal bars onto defendants' property. However, this argument is based on subsequent facts different from those originally presented. Therefore, "the defendant[s] failed to submit any new facts that

6

[* 6]

would change the prior determination" (*FZ Realty, LLC v. BH Shipping, LLC*, 228 AD3d 735, 738 [2d Dep't 2024]).

The parties' remaining contentions, to the extent not expressly set forth herein, have been considered and are denied.

Accordingly, it is hereby

**ORDERED** that defendants Marsha Lindsay and Maria Lindsay's motion seeking leave to reargue and renew (Seq. 3) is denied in its entirety.

This constitutes the decision and order of the court.

E N T E R

J. S. C.

Hon. Wavny Toussaint
J.S.C.

7